THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRIAN TYRONE CARTER,<br><br>  Plaintiff,<br><br>v.<br><br>WEBER MORGAN TASK FORCE et al.,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 1:24-CV-146-DAK<br><br>District Judge Dale Kimball |

Plaintiff Brian Tyrone Carter, acting *pro se*, brought this civil-rights action, *see* 42 U.S.C.S. § 1983 (2025).¹ Having now screened the Complaint, (ECF No. 1), under its statutory review function, 28 U.S.C.S. § 1915A (2025),² the Court orders Plaintiff to file an amended complaint curing deficiencies if he would like to further pursue claims.

---

¹The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

² The screening statute reads:
> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

## A. COMPLAINT'S DEFICIENCIES

The Complaint:

**1.** generally does not properly affirmatively link an individually named defendant to each element of each alleged civil-rights violation. (See below.)

**2.** possibly improperly alleges civil-rights violations on a *respondeat superior* theory. (See below.)

**3.** must be amended with an understanding of how sovereign immunity applies to states, state entities, and state employees. (See below.)

**4.** improperly names Weber Morgan Task Force, Weber County Correctional Facility, and Ogden Police Department as § 1983 defendants, when they are not independent legal entities that can sue or be sued. (See below.)

**5.** alleges conspiracy claims that are too vague. (See below.)

**6.** invalidly tries to bring, within this federal civil-rights case, claims of "civil stalking" and "obstruction of justice," under Utah statute.

**7.** does not adequately link *each element* of a retaliation claim to specific, named defendant(s). (See below.)

**8.** possibly asserts claims attacking the validity of Plaintiff's incarceration, which should-- if at all--be timely exhausted in the state-court system before being brought in a federal habeas corpus petition, not a civil-rights complaint.

**9.** possibly asserts constitutional violations resulting in injuries--e.g., "chronic emotional distress" (ECF No. 1, at 5)--that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2025), reading, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

**10.** does not appear to recognize that defamation is "not a constitutional violation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).[3]

---

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

[3]Perhaps Plaintiff instead means this claim to implicate state law and, if so, should specify. *See Siegert*, 500 U.S. at 233 ("Defamation, by itself, is a tort actionable under the laws of most States . . . ."). Plaintiff should keep in mind that, if he brings slander or defamation as a state-law claim, the Court could take jurisdiction over the claim

      **11.** does not adequately link *each element* of a false-arrest claim to specific, named defendant(s). *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012) ("In the context of a false-arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime.").

      **12.** needs clarification regarding libel and slander causes of action, which are defined in Utah statute as follows:
> (1) "Libel" means a malicious defamation, expressed either by printing or by signs or pictures or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation, or publish the natural defects of one who is alive, and thereby to expose him to public hatred, contempt or ridicule.
> (2) "Slander" means any libel communicated by spoken words.

Utah Code Ann. 45-2-2 (2025).

      **13.** appears to allege crimes committed by the Defendants; however, a federal civil-rights action is not the proper place to address criminal behavior.

      **14.** appears to allege "random and unauthorized deprivation of property under color of state law," without acknowledging that such a claim "does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy." *Frazier v Flores*, 571 F. App'x 673, 675-677 (10th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

      **15.** does not adequately specify factual allegations meeting the elements of municipal liability under which an attacked policy could be held unconstitutional. (See below.)

      **16.** does not adequately link *each element* of a racial-discrimination claim to specific, named defendant(s). (See below.)

      **17.** does not adequately link *each element* of a malicious-prosecution claim to specific, named defendant(s). (See below.)

      **18.** possibly asserts claims invalidated by the rule in *Heck.* (See below.)

---

only as a matter of "pendent jurisdiction," a doctrine that allows "district courts to hear [state-law] claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Thornton v. GEO Grp., Inc*. No. CV-14-893, 2016 U.S. Dist. LEXIS 140710, at 38-39 (D.N.M. May 16, 2016). Thus, if all Plaintiff's "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

  **19.** is not clear as to whether Plaintiff understands the difference between suing defendants in their individual or official capacities. (See below.)

  **20.** does not concisely link *each element* of the claim of improper medical treatment to individually named defendant(s). (See below.)

  **21.** possibly inappropriately alleges civil-rights violations on the basis of denied grievances. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

  **22.** does not adequately link *each element* of an equal-protection claim to specific named defendant(s). *See Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 752 (10th Cir. 2019) (explaining that--to state equal-protection claim--plaintiff must allege facts showing (a) prison officials treated him differently from similarly situated inmates and (b) disparate treatment was not reasonably related to penological interests). (See below.)

  **23.** does not concisely link *each element* of a claim of excessive force to separate individually named defendant(s). (See below.)

  **24.** does not specify the injunctive relief requested and against whom.

### B. GUIDANCE FOR PLAINTIFF

  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

  Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.*

Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these points before filing an amended complaint:

**1.** The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s). *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

**2.** Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

**3.** The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (cleaned up). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The [*Bell Atlantic Corp. v.*] *Twombly* Court

5

was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

    **5.** Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

    **6.** Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

    **7.** "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2025). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

    **8. Affirmative Link.**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998))

> (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

  **9. *Respondeat superior*.** The Supreme Court holds that, in asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no *respondeat superior* liability under § 1983. *See id.* ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. *See Monell*, 436 U.S. at 689. Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

  **10. Eleventh Amendment immunity.** Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in

their official capacities. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983). However, an exception provides "that 'a plaintiff may bring suit against *individual state officers* acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.'" *Norton v. Parsons*, No. 23-4055, 2024 U.S. App. LEXIS 2109, at *5 (10th Cir. Jan. 31, 2024) (emphasis added) (unpublished) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

      **11. Conspiracy.** As to Plaintiff's possible conspiracy claim, Plaintiff "must specifically plead facts tending to show agreement and concerted action." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (cleaned up). Plaintiff has not met this responsibility here; vague assertions that multiple people were involved in breaches of civil rights--thus a conspiracy must be involved--are not enough. Plaintiff must assert more detail to pursue this claim further.

      **12. Governmental sub-units**. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010) (finding county criminal justice center not suable entity under § 1983). Indeed, the Tenth Circuit has acknowledged that sheriff's departments and police departments "are not legally suable entities." *Lindsey v. Thomson*, 275 Fed. App'x. 744, 747 (10th Cir. 2007); *see also Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities "not suable entities in a § 1983 action").

**13. Retaliation Claim.** To properly assert a retaliation claim, Plaintiff must allege three elements: (1) he was involved in "constitutionally protected activity"; (2) Defendants' behavior injured him in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to his constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

**14. Municipal-liability principles.** Plaintiff should study and incorporate these general principles in reframing the Complaint's municipal-liability claim:

> In addition to a constitutional violation, a plaintiff must satisfy three elements to succeed on a *Monell* claim: "(1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023).
> An official policy or custom may include:
>> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions--and the basis for them--of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.
>
> *Id.* (quotations omitted). "For causation . . . the challenged policy or practice must be closely related to the violation of the plaintiff's

9

> federally protected right." *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1241 (10th Cir. 2020) (quotations omitted). The policy or custom must be "the moving force behind the injury alleged." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (quotations omitted). And "[a] local government policymaker is deliberately indifferent when he deliberately or consciously fails to act when presented with an obvious risk of constitutional harm [that] will almost inevitably result in constitutional injury of the type experienced by the plaintiff." *Burke v. Regalado*, 935 F.3d 960, 997-98 (10th Cir. 2019) (quotations omitted). "In the municipal liability context," deliberate indifference "is an objective standard" that may be "satisfied if the risk is so obvious that the official should have known of it." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 n.5 (10th Cir. 1998).

*Buchanan v. Turn Key Health Clinics, LLC*, 2023 U.S. App. LEXIS 28156 at *18-21 (10th Cir. Oct. 24, 2023) (unpublished).

    **15. Racial-discrimination claim**. Plaintiff should study and incorporate these general principles in reframing the Complaint's racial-discrimination claim:

> To establish a prima facie case of discrimination under § 1981, plaintiff must sufficiently plead that (1) "the plaintiff is a member of a protected class"; (2) "the defendant had the intent to discriminate on the basis of race"; and (3) "the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001) (quoting *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995)). The protected activities defined in § 1981 include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Reynolds*, 69 F.3d at 1532 (quoting 42 U.S.C. § 1981).

*Hale-El v. Doe*, No. 25-1044, 2025 U.S. App. LEXIS 15749, at *7 (10th Cir. June 25, 2025) (unpublished).

**16. Malicious-prosecution claim**. Plaintiff should study and incorporate these general principles in reframing the Complaint's malicious-prosecution claim:

> To prevail on his malicious-prosecution claim, [Plaintiff] was required to demonstrate five things: that (1) the . . . defendants caused his "continued confinement or prosecution"; (2) "the original action terminated in [his] favor"; (3) "there was no probable cause to support [his] initial arrest, continued confinement, or prosecution"; (4) the . . . defendants "acted with malice"; and (5) [Plaintiff] "sustained damages." *Bledsoe v. Carreno*, 53 F.4th 589, 614 (10th Cir. 2022). "Malice may be inferred if a defendant causes the prosecution without arguable probable cause." *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014).

*Crothers v. Carr*, No. 23-8014, 2025 U.S. App. LEXIS 8978, at *10-11 (10th Cir. Apr. 16, 2025) (unpublished).

**17. *Heck***. Plaintiff's claims possibly include some allegations that if true may invalidate Plaintiff's incarceration. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their [incarceration] without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).

Plaintiff argues, in part, that Plaintiff's constitutional rights were breached in a way that may attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply

11

that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that [a] conviction or sentence has already been invalidated." *Id.*

      18. **Official capacity versus individual capacity**. The United States Court of Appeals for the Tenth Circuit explains:

> The Supreme Court has instructed that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (cleaned up). By contrast, individual-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.*

*Coates v. Reigenborn*, Nos. 22-1339 & 22-1434, 2023 U.S. App. LEXIS 27456, at *9-10 (10th Cir. Oct. 16, 2023) (unpublished); *see also Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015) ("A suit against a government agent in his official capacity is treated as a suit against the government.").

      One difference between suing a defendant in an official versus individual capacity has to do with averring causation. To adequately assert causation against a defendant in an individual capacity, the plaintiff must allege facts showing that the defendant "set in motion a series of events that he knew or reasonably should have known would cause others to deprive [the plaintiff] of her constitutional rights." *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (cleaned up); *see also Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) ("When confronting individual-capacity § 1983 claims, our focus must always be on the *defendant*--on the injury *he* inflicted or caused to be inflicted, and on *his* motives." (cleaned up)). Conversely,

12

to adequately assert causation against a defendant in an official capacity, the plaintiff must first identify an official policy or custom, and then establish that the challenged policy or custom was the "'moving force' behind the injury alleged." *Brown,* 520 U.S. at 404.

Finally, Plaintiff should keep in mind too that "it makes no sense to sue a governmental entity in its individual capacity." *Jackson-Mackay v. McDonald*, No. 22-8033, 2023 U.S. App. LEXIS 6356, at *2 (10th Cir. Mar. 17, 2023).

**19. Inadequate medical treatment**. The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: **a.** "Was the deprivation sufficiently serious?" And, if so, **b.** "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . . if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle*, 429 U.S. at 105-06). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

**20. Excessive Force**. This is general information on an excessive-force cause of action:

> "An excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018) (brackets and internal quotation marks omitted). An official's state of mind is sufficiently culpable "if he uses force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline." *Id.* (internal quotation marks omitted).
> 
> We have long recognized "that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself." *Sampley v. Ruettgers*, 704 F.2d 491, 496 (10th Cir. 1983). So "when prison officials must act to preserve internal order and discipline, we afford them wide-ranging deference." *Redmond*, 882 F.3d at 938 (internal quotation marks omitted). Although this deference does not protect "actions taken in bad faith and for no legitimate purpose," it does prevent us from

14

> substituting our "judgment for that of officials who have made a considered choice." *Id.* (internal quotation marks omitted).

*Lehman v McKinnon*, No. 20-1312, 2021 U.S. App. LEXIS 27250, at *5-6 (10th Cir. Sept. 10, 2021) (unpublished).

**21. Equal protection**. The following passage explains relevant elements of an equal-protection cause of action:

> As the district court recognized, to proceed with this claim, [Plaintiff] must plausibly plead that defendants treated him differently from similarly situated inmates. *See Grissom v. Roberts*, 902 F.3d 1162, 1173 (10th Cir. 2018). "Individuals are similarly situated only if they are alike in all relevant respects." *Id.* (internal quotation marks omitted). A plaintiff must do more than make conclusory allegations to establish an equal protection claim. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). [Plaintiff's] allegations were merely conclusory and failed to establish the other inmates who purportedly received better treatment were similarly situated to him.

*Harrell v. Ross*, No. 23-8007, 2024 U.S. App. LEXIS 2317, at *12-13 (10th Cir. Feb. 2, 2024) (unpublished).

### C. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. (ECF No. 1.)

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, signed August 24, 2024. (*Id.*) The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant for dismissal. And if there are any valid claims and defendants, Plaintiff will be responsible to effect service on the defendants.

**5.** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**6.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**7.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**8.** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

**9.** Plaintiff's Motion to Introduce Evidence of Newly Discovered Evidence is **DENIED** as an apparent premature attempt at discovery. (ECF No. 7.) There is no valid complaint on file as of this Order, and nothing has yet been served on any defendants.

DATED this 5th day of January, 2026.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge